UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LYLE WADE WHITNEY,<br><br>　　　　　Defendant. | 3:17-CR-30114-RAL<br><br>OPINION AND ORDER DENYING REQUEST FOR JAIL TIME CREDIT |

Lyle Wade Whitney (Whitney) requests pro se to have certain jail time credited to reduce his sentence. Doc. 86. Whitney requests that he be given credit from September 1, 2017, through February 11, 2018, for time served in Hughes County Jail after his federal indictment. Doc. 86. For the reasons explained below, this Court denies Whitney's request.

On February 5, 2018, Whitney pleaded guilty to Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(3), 924(a)(2), and 924(d). Doc. 79. This Court sentenced Whitney to fifteen months custody on May 14, 2018, followed by two years of supervised release. Doc. 79. Whitney wrote to this Court requesting his time of incarceration in the Hughes County Jail from September 1, 2017, through February 11, 2018, in addition to his time of incarceration in the Hughes County Jail from February 11, 2018, through May 10, 2018, that was credited against his federal sentence by the Bureau of Prisons, be credited against his federal sentence, and this Court review his credited time to reduce his sentence. Doc. 86. Whitney avers that he was held in federal custody starting September 1, 2017, when he was transferred from the Lower Brule Jail, where he was serving a tribal sentence, into the custody of the U.S. Marshals Service after being indicted federally on August 16, 2017. Doc. 1; Doc. 9; Doc. 86 at 1. The

1

Lower Brule Tribal Court communicated to the Bureau of Prisons that it viewed Whitney's time incarcerated from May 17, 2017, until May 14, 2018, full satisfaction of his tribal court sentence of 270 days. See Docs. 86-1, 89. A 270-day sentence starting May 17, 2017, would end February 11, 2018, which may explain why the Bureau of Prisons did not credit this time against Whitney's federal sentence.

This Court lacks the authority to alter the Judgment at this point and to craft a different sentence, including a new calculation to award credit for time served in tribal or other custody as Whitney desires. In United States v. Wilson, the Supreme Court clarified that 18 U.S.C. § 3585(b) requires the Attorney General post-sentencing, rather than district courts, to award a prisoner credit for time served: "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons] has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). "Crediting jail time against federal sentences long has operated" along these lines, with credit for time served determined by the Bureau of Prisons. Id. Consequently, it is the duty of the Bureau of Prisons at this point, not this Court, to determine whether Whitney is entitled to credit for time served whether in tribal or other custody.

A procedural deficiency also bars Whitney's request. Rule 35 of the Federal Rules of Criminal Procedure controls when a district court may correct or reduce a sentence. Rule 35(a) allows a court to correct "a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing. Fed. R. Crim. P. 35(a). Rule 45(b)(2) of the Federal Rules of Criminal Procedure provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule." Fed. R. Crim. P. 45(b)(2). At this point, this Court cannot adjust Whitney's sentence on the grounds he presents. The only other basis for sentence reduction provided in Rule 35 is reduction for substantial assistance upon a motion from the government,

which is not at issue in Whitney's case. Fed. R. Crim. P. 35(b). In short, this Court lacks authority to grant Whitney the relief he seeks.

For the reasons stated above, it is

ORDERED that Whitney's request to reduce his sentence, Doc. 86, is denied.

DATED this 13th day of December, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE